# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| C.S., a minor, by and through her parents and next of kin, TIFFANY ELLEN SORENSEN and KEVIN STRICKLAND, both individually and as representatives, | Case No. 1:23-cv-42 |
| | Judge Atchley |
| Plaintiffs, | Magistrate Judge Dumitru |
| v. | |
| UNION GENERAL AFFILIATED SERVICES, LLC, *et al.*, | |
| Defendants. | |

## ORDER

Before the Court is the Petition/Motion for Minor Settlement Approval and Dismissal of All Claims With Prejudice (hereinafter, "Petition"), filed by Plaintiffs, [Doc. 94], and sealed per Court Order [Doc. 93]. The Petition was supported by a Brief from Plaintiffs [Doc. 92], with various exhibits attached [Docs. 92-1–92-13], which were also sealed per Court Order [Doc. 93]. In unsealed documents, including the Report of Mediation [Doc. 88] and the Motion to Seal Minor Settlement Documents [Doc. 90], the publicly available docket in this matter already reflects that a confidential settlement has been reached, but the details of same have not been made public on CM/ECF. In the Court's Order on the Motion to Seal for Minor Settlement [Doc. 93], the Court denied the motion in part, without prejudice, reserving ruling as to whether this Order would be sealed. Because this Order is drafted in a way that reveals the Court's reasoning and findings, but without necessarily disclosing any especially sensitive information in the process, the Court finds that the instant Order will not be sealed; however, the filings that are already sealed shall remain sealed [Doc. 93].

As this case involves alleged injuries to a minor, Tennessee law requires the Court to approve the settlement. [Doc. 89] (*citing* T.C.A. § 29-34-105; *Sherrard v. City of East Ridge*, No. 1:22-cv-200, 2023 WL 6166463, at *2 (E.D. Tenn. Sept. 21, 2023)).

The Petition filed by Plaintiffs was not opposed by Defendants. A hearing on the Petition was set for January 23, 2025, at the U.S. Courthouse, in Chattanooga, Tennessee before the undersigned [Doc. 95]. The hearing was held in open court. At the hearing, Defendants, through counsel, confirmed that the Defendants do not oppose the Petition. Previously, upon Motion of Plaintiffs [Doc. 96], the Court excused attendance at the hearing by the minor, C.S., and permitted remote attendance for one or more of C.S.'s parents. At the January 23, 2025, hearing, both of C.S.'s parents, Plaintiff Kevin Strickland and Plaintiff Tiffany Sorensen, appeared by ZOOM and answered questions posed by the Court, each indicating an understanding of and agreement to the outlined settlement.

The Court received the Petition, supporting Brief, and the exhibits thereto, and also reviewed the filings on CM/ECF in this matter to make an independent determination about whether the outlined settlement is in the minor's best interest. The Court also received such information to determine the reasonableness of the attorneys' fee from a settlement involving a minor.

The Court received evidence and argument in advance of and at the hearing regarding the uncertainty of recovery at different stages of this case, including if pursuing same to trial. Likewise, the Court heard Plaintiffs' counsel describe difficulties in monitoring and proving C.S.'s alleged damages. The Court heard about C.S.'s past medical assessments according to Plaintiffs' disclosed expert proof, as well as facts concerning C.S.'s projected future needs according to Plaintiffs. The Court understands that a settlement was reached prior to experts being disclosed by the Defendants

2

but also that Defendants have contested and continue to contest liability and damages. The Court has been advised that the confidential settlement is not an admission of fault by any defendant.

In connection with the Petition, the Court received Declarations from multiple of Plaintiffs' counsel, attesting to facts to support the reasonableness of the 1/3 attorneys' fee requested from the settlement, along with hearing from counsel for Plaintiffs regarding time spent and work performed during this representation.

The Court heard and reviewed the details of the proposed settlement. Case expenses submitted and totaled by the two different firms prosecuting this matter for Plaintiffs were attested to as necessary and related to the case, and reasonable. The Court understands that representation by Plaintiffs' counsel was provided on a contingency basis, with no attorney fee to be paid to Plaintiffs' counsel in the event there was no recovery for Plaintiffs. At the hearing, Plaintiffs' counsel advised the Court that the settlement details had been updated since the sealed filing of the settlement sheet, but in only one respect. Specifically, the AmeriHealth Caritas Medicaid, a form of North Carolina Medicaid with a subrogation interest in any recovery by C.S., now has a reduced, final resolution amount that is $9,398.93 lower than what is stated on the Exhibit C settlement sheet filed with the Court under seal. Accordingly, the "disbursement/s or retentions/s" are $9,398.93 lower than what is stated on the settlement sheet, and the Net Amount to Clients is higher by this same amount, with the entirety of the $9,398.93 difference being added to the allocation going to C.S., in trust.

The Court has been advised that Plaintiffs and their family need a home, that this is in the best interests of the minor, and that a parental allocation from settlement is sought to accomplish this without requiring a home-purchase to be made from C.S.'s trust funds. More specifically, the entire allocation of settlement funds to C.S. are being placed in a pooled special needs trust with

3

Legacy Enhancement, which has liability/E&O coverage up to $2,000,000 per claim. This particular trust was created pursuant to 42 U.S.C. § 1396p(d)(4)(C) of the Social Security Act. For C.S., her account in this pooled trust is established for C.S.'s sole benefit. This trust is irrevocable.

On the issue of the requested attorneys' fee, the Court finds the Declarations filed under seal by Plaintiffs' counsel to be well-taken and that each of the factors set forth in Tenn. Sup. Ct. R. 8, RPC 1.5(a)(1)-(10), when considered under the particular circumstances of this case and on this record, support that the requested fee is reasonable.

Based on the record before it, the Court has determined that the outlined settlement is in the best interest of C.S., as well as minors generally and that the 1/3 attorneys' fee requested is fair and reasonable compensation to Plaintiffs' counsel. Accordingly, the Petition for Minor Settlement Approval [Doc. 94] is **GRANTED**.

All reasonable efforts will be made to ensure that payments agreed to in the mediated settlement agreement filed under seal with the Court shall be made to the Plaintiffs, through counsel, within ten (10) business days of the entry of this Order. With such funds, said counsel shall deduct and pay the attorneys' fee outlined in settlement sheet and approved by this Court, deduct and pay the case expense reimbursements as outlined, and deduct and satisfy the subrogation interest identified in the modified amount announced at the hearing and further described above. The disbursements in the specific amount listed "To Tiffany Sorensen" and "To Kevin Strickland" in settlement paperwork filed under seal with the Court shall then be made, with the remainder going to into the Legacy Enhancement pooled special needs trust for C.S.'s sole benefit.

Upon receipt of the settlement funds as outlined, the Plaintiffs, through counsel, shall file a stipulation of dismissal with prejudice in accordance with Fed. R. Civ. P. 41(a)(1)(A)(ii).

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

5

APPROVED FOR ENTRY:

Respectfully submitted,

/s/ Grant E. Mitchell
Weldon E. Patterson, BPR No. 13608
Grant Mitchell, BPR No. 036878
BUTLER, VINES & BABB, PLLC
2701 Kingston Pike, Knoxville, TN 37919
(865) 637-3531
wpatterson@bvblaw.com; gmtchell@bvblaw.com
*Counsel for Plaintiffs*

/s/ Terry L. Miller [w/perm. by G.E.M.]
Terry L. Miller, GA State Bar No. 508450
Jason D. Connel, GA State Farm No. 948940
MITCHELL & MITCHELL, P.C.
108 S. Thornton Ave., Dalton, GA 30720
terrylmiller@mmfirmlaw.com; jason@mmfirmlaw.com
*Co-Counsel for Plaintiffs (*admitted *pro hac vice)*

/s/ Arthur P. Brock [w/perm. by G.E.M.]
Arthur P. Brock, BPR No. 014189
H. Dean Clements, BPR No. 014793
Joseph Allan Jackson, II
SPEARS, MOORE, REBMAN & WILLIAMS, P.C.
601 Market Street, Suite 400
P. O. Box 1749, Chattanooga, TN 37402-1749
apb@smrw.com; hdc@smrw.com
*Counsel for Defendants Regional Obstetrical Consultants, P.C. & Joseph Henry Kipikasa, M.D.*

/s/ Melissa P. Reading [w/perm. by G.E.M.]
Melissa P. Reading, BPR No. 37393
Hancock, Daniel & Johnson, P.C.
208 Sunset Drive, Suite 354, Johnson City, TN 37604
mreading@hancockdaniel.com
*Counsel for Defendants Union General Affiliated Services, LLC, and Benjamin J. Harris, M.D.*